# UNITED STATES DISTRICT COURT

District of Nevada

| UNITED STATES OF AMERICA | ) | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| TAI KEYSTER aka TAI MADERIA | ) | Case Number: 2:13-CR-0083-JCM-CWH |
| | ) | USM Number: |

**Date of Original Judgment:** 12/5/2016
*(Or Date of Last Amended Judgment)*

JOSHUA TOMSHECK
Defendant's Attorney

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☑ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☑ pleaded guilty to count(s)  ONE [1] AND FIVE [5] OF THE SUPERSEDING INDICTMENT
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 1349, 1344, 1341, 1343 | Conspiracy to Commit Bank Fraud, Mail Fraud and Wire Fraud | 1/2003 | 1 |
| 18 USC § 1344 | Bank Fraud | 11/2006 | 5 |

The defendant is sentenced as provided in pages 2 through  2  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☑ Count(s)  All remaining counts  ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/29/2016
Date of Imposition of Judgment

*James C. Mahan* (signature)
Signature of Judge

James C. Mahan, U.S. District J
Name and Title of Judge

January 4, 2017
Date

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case  
Sheet 2 — Imprisonment  
Case 2:13-cr-00083-JCM-CWH   Document 268   Filed 01/04/17   Page 2 of 12  
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___ of __2__

DEFENDANT: TAI KEYSTER aka TAI MADERIA  
CASE NUMBER: 2:13-CR-0083-JCM-CWH

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

TIME SERVED

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____  
UNITED STATES MARSHAL

By _____  
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case  Case 2:13-cr-00083-JCM-CWH   Document 268   Filed 01/04/17   Page 3 of 12
Sheet 3 — Supervised Release   (NOTE: Identify Changes with Asterisks (*))

Judgment—Page _____ of __2__

DEFENDANT: TAI KEYSTER aka TAI MADERIA
CASE NUMBER: 2:13-CR-0083-JCM-CWH

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of : 5 years per count to run concurrent

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: TAI KEYSTER aka TAI MADERIA
CASE NUMBER: 2:13-CR-0083-JCM-CWH

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case
Sheet 3D — Supervised Release
(NOTE: Identify Changes with Asterisks (*))

Case 2:13-cr-00083-JCM-CWH   Document 268   Filed 01/04/17   Page 5 of 12

Judgment—Page ___ of ___2___

DEFENDANT: TAI KEYSTER aka TAI MADERIA
CASE NUMBER: 2:13-CR-0083-JCM-CWH

## SPECIAL CONDITIONS OF SUPERVISION

1. Debt Obligations - You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

2. Access to Financial Information - You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

3. Employment Restriction - You shall be restricted from engaging in employment, consulting, or any association with any mortgage business for a period of five years.

4. No Contact Condition - You shall not have contact, directly or indirectly, associate with, or be within 500 feet of co defendants, their residence or business, and if confronted by co defendants in a public place, you shall immediately remove yourself from the area.

5. Warrantless Search - You shall submit your person, property, residence, place of business and vehicle under your control to a search, conducted by the United States probation officer or any authorized person under the immediate and personal supervision of the probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision; failure to submit to a search may be grounds for revocation; the defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

Note: A written statement of the conditions of release was provided to the Defendant by the Probation Officer in open court at the time of sentencing.

DEFENDANT: TAI KEYSTER aka TAI MADERIA
CASE NUMBER: 2:13-CR-0083-JCM-CWH

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|--------|----------------|----------------------|----------|-----------------|
| TOTALS | $ 200.00       | $ 0.00               | $ 0.00   | $ 115,214.38  * |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|--------------------------|-----------------------------|
|                   |                 |                          |                             |

**See attached amended restitution list below:**

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

| TOTALS | $ 0.00 | $ 0.00 |
|--------|--------|--------|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

　　☐ the interest requirement is waived for　☐ fine　☐ restitution.

　　☐ the interest requirement for the　☐ fine　☐ restitution is modified as follows:

---

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

U.S. vs. TAI KEYESTER aka TAI MADERIA
2:13-CR-00083-JCM-CWH
Restitution List

| Victim Name | Address | City, State | Zip | Loss Amount |
|---|---|---|---|---|
| Aegis Funding Corp | 9990 Richmond Ave Ste 350 | Houston, TX | 77042 | $ 257.60 |
| Aegis Mortgage Corp | 3250 Briarpark Dr | Houston, TX | 77042 | $ 76.90 |
| American Mortgage Express dba Millennium Funding Group | 1775 Wehrle Dr | Buffalo, NY | 14221 | $ 182.24 |
| Aurora Commercial Corp | 7807 E Peakview Ave | Centennial, CO | 80111 | $ 4,653.81 |
| Aurora Loan SVS | 10350 Park Meadows Dr | Littleton, CO | 80124 | $ 466.18 |
| Bank of America | PO Box 29961 Mail Code: AZ1-200-20-35 | Phoenix, AZ | 85038 | $ 21,358.46 |
| Barclays Bank PLC | 200 Park Ave Fl 3W | New York, NY | 10066 | $ 286.82 |
| Central Mortgage Co | PO Box 8025 | Little Rock, AR | 72203 | $ 1,574.83 |
| CitiBank, NA | 1 Penns Way | New Castle, DE | 19720 | $ 11,671.09 |
| CitiMortgage, Inc | 4740 121st St | Urbandale, IA | 50323 | $ 745.82 |
| Cornerstone Quarry 2010A LLC | 1004 SE 13th St | Brainerd, MN | 56401 | $ 370.06 |
| Credit Suisse Securities (USA) LLC | 1 Madison Ave 9th Floor | New York, NY | 10010 | $ 494.83 |
| DD Acquisition Sub LLC | 6203 E Dr Martin Luther | Tampa, FL | 33619 | $ 307.58 |
| Deutsche Bank National Trust Co | 60 Wall Street Mail Stop: NYC 60-3615 | New York, NY | 10015 | $ 5,019.05 |
| DTA Solutions LLC | 9428 Baymeadows Rd, Suite 260 | Jacksonville, FL | 32256 | $ 288.36 |
| EMC Mortgage | 909 Hidden Ridge | Irving, TX | 75038 | $ 482.52 |
| Equifirst Corp | 500 Forrest Point Cir | Charlotte, NC | 28273 | $ 238.38 |
| Fannie Mae | 3900 Wisconsin Ave, NW | Washongton, DC | 20016 | $ 700.14 |
| FDIC | 3501 N Fairfax Dr | Arlington, VA | 22226 | $ 995.80 |
| First Franklin | 2150 North First St | San Jose, CA | 95131 | $ 4,994.40 |
| First Roosevelt, LLC | 4 Research Drive, Suite 402 | Shelton, CT | 06484 | $ 634.39 |
| GMAC | 1100 Virginia Drive | Ft Washington, PA | 19034 | $ 3,840.77 |
| Goldman Sachs | 101 Constitution Ave NW | Washington, DC | 20001 | $ 932.75 |
| Green Tree Mortgage | PO Box 6172 | Rapid City, SD | 57709 | $ 206.08 |
| HSBC | PO Box 1231 | Brandon, FL | 33509 | $ 3,671.60 |

U.S. vs. TAI KEYESTER aka TAI MADERIA
2:13-CR-00083-JCM-CWH
Restitution List

| | | | | | |
|---|---|---|---|---|---|
| Impac Mortgage Holdings Inc | 19500 Jamboree Rd | Irvine, CA | 92614 | $ | 154.75 |
| JP Morgan Chase | 3415 Vision Dr | Columbus, OH | 43219 | $ | 14,110.02 |
| Lehman Brothers Holdings Inc | 1271 Avenue of the Americas | New York, NY | 10020 | $ | 473.87 |
| Merrill Lynch | 450 N Stephanie St | Henderson, NV | 89014 | $ | 230.69 |
| Morgan Stanley Mortgage Capital Holdings, LLC | 1585 Broadway, Lower B | New York, NY | 10036 | $ | 4,427.08 |
| Morgan Stanley Mortgage Loan Trust 2006-AR | 1585 Broadway, 2nd Floor | New York, NY | 10001 | $ | 519.05 |
| Mortgage Express Services | 2972 Highway K | O'Fallon, MO | 63368 | $ | 270.10 |
| Natixis Real Estate Holdings LLC | 9 West 57th St 36th Floor | New York, NY | 10019 | $ | 624.78 |
| New Century Mortgage | 20 Pacifica, Suite 620 | Irvine, CA | 92618 | $ | 422.93 |
| Nomura Crecdit Capital Inc | Worldwide Plaza 309 West 49th St | New York, NY | 10019 | $ | 1,771.30 |
| Ocwen Loan Servicing , LLC | 3451 Hammond Ave | Waterloo, IA | 50702 | $ | 1,712.09 |
| Ocwen per GMAC | 3451 Hammond Ave | Waterloo, IA | 50702 | $ | 315.27 |
| Pacific Mercantile Bank | 949 South Coast Dr Third Floor | Costa Mesa, CA | 92626 | $ | 539.81 |
| Prime Asset Fund III, LLC | 16242 N Florida Ave | Lutz, FL | 33549 | $ | 282.21 |
| RBS Financial Products Inc | 600 Washington Blvd | Stamford, CT | 06901 | $ | 2,029.94 |
| Residential Funding Co LLC | 8400 Normandale Lake Blvd, Suite 350 | Bloomington, MN | 55437 | $ | 855.85 |
| SGGH, LLC | 15303 Ventura Blvd Suite 1600 | Sherman Oaks, CA | 91403 | $ | 319.12 |
| Terwin Advisors, LLC dba The Winter Group | 45 Rockefeller Plz | New York, NY | 10111 | $ | 5,370.81 |
| The Bank of New York Mellon | One Wall Street | New York, NY | 10286 | $ | 2,651.76 |
| United Guaranty Residential Insurance Co | 230 N Elm St | Greensboro, NC | 27401 | $ | 153.79 |
| US Bank | 800 Nicollet Mall | Minneapolis, MN | 55402 | $ | 3,385.73 |
| US Bank NA as trustee on behalf of Home Equity Asset Trust 2005-4 Home Equity Pass Through Certificates Series 2005-4 | 17500 Rockside Rd | Bedford, OH | 44146 | $ | 545.96 |
| Wells Fargo | PO Box 29728 | Phoenix, AZ | 85038 | $ | 999.65 |
| Wells Fargo Bank, NA dba ASC | PO Box 10328 | Des Moines, IA | 50306 | $ | 3,805.97 |

**U.S. vs. TAI KEYESTER aka TAI MADERIA**
**2:13-CR-00083-JCM-CWH**
**Restitution List**

| | | | | |
|---|---|---|---|---|
| Wells Fargo Home Mortgage | PO Box 10335 | Des Moines, IA | 50306 | $ 998.11 |
| Wilmington Trust, NA, as Successor Trustee to Citibank, NA, as Trustee for SACO I Trust 2006-5, Mortgage-Backed Certificates, Series 2006-5 | 3451 Hammond Ave | Waterloo, IA | 50702 | $ 682.07 |
| Wilmington Trust, NA, as Successor Trustee to Citibank, NA, as Trustee for SACO I Trust 2006-6, Mortgage-Backed Certificates, Series 2006-6 | 3451 Hammond Ave | Waterloo, IA | 50702 | $ 1,015.41 |
| Wilmington Trust, NA, as Successor Trustee to Citibank, NA, as Trustee for SACO I Trust 2006-9, Mortgage-Backed Certificates, Series 2006-9 | 3451 Hammond Ave | Waterloo, IA | 50702 | $ 299.89 |
| Wilshire Credit Corp | 14523 SW Millikan Way | Beaverton, OR | 97005 | $ 892.38 |
| WMC Mortgage Corp | 3100 Thornton Ave | Burbank, CA | 91504 | $ 903.53 |
| TOTAL LOSS: | | | | **$115,214.38** |

DEFENDANT: TAI KEYSTER aka TAI MADERIA
CASE NUMBER: 2:13-CR-0083-JCM-CWH

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

\* **A** ☑ Lump sum payment of $ __115,214.38__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

    Schedule of payments – 10% of any income earned during incarceration and/or gross income while on supervision, subject to adjustment by the court based on ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

    "FINAL ORDER OF FORFEITURE ATTACHED"

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.



# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-CR-083-JCM-(CWH) |
| Plaintiff, | |
| v. | Final Order of Forfeiture |
| TAI KEYSTER, also known as TAI MADEIRA, | |
| Defendant. | |

This Court found that Tai Keyster, aka Tai Madeira, shall pay the in personam criminal forfeiture money judgment of $115,214.40, not to be held jointly and severally liable with any codefendants, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United Code, Section 2461(c); Title 18, United States Code, Section 982(a)(2)(A); and Title 21, United States Code, Section 853(p). Superseding Indictment, ECF No. 101; Change of Plea, ECF No. 245; Plea Agreement, ECF No. 247; Preliminary Order of Forfeiture, ECF No. 248.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States recover from Tai Keyster, aka Tai Madeira, the in personam criminal forfeiture money judgment of $115,214.40 pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United Code, Section 2461(c); Title 18, United States Code, Section 982(a)(2)(A); and Title 21, United States Code, Section 853(p).

///

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED this ___ day of _____, 2016.

_____
UNITED STATES DISTRICT JUDGE

2